BARBARA GATLIN,                          )
                                         )
        Petitioner/Appellant,            )
                                         )
VS.                                      )        Appeal No.
                                         )        01-A-01-9607-JV-00311
STATE OF TENNESSEE                       )
DEPARTMENT OF HUMAN                      )
SERVICES,                                )        Davidson Juvenile
                                         )        No. 09-47-86
        Respondent/Appellee.             )
                                         )
IN THE MATTER OF:                        )
                                         )
FELICIA GATLIN,                          )
a child under the age of 18.             )

FILED

February 5, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE JUVENILE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ANDREW J. SHOOKHOFF, JUDGE

KATHLEEN G. MORRIS
P. O. Box 128091
Nashville, Tennessee 37212
        Attorney for Petitioner/Appellant

CHARLES W. BURSON
Attorney General and Reporter

SUE A. SHELDON
Assistant Attorney General
Cordell Hull Building, 2nd Floor
426 5th Avenue North
Nashville, Tennessee 37243-0499
        Attorney for Respondent/Appellee

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# **O P I N I O N**

The Juvenile Court of Davidson County terminated Barbara Gatlin's parental rights respecting her ten year old daughter, Felicia. Because we find that the record does not contain clear and convincing evidence of abandonment, we reverse.

## I.

The United States Constitution protects a parent's fundamental right to the care and custody of his or her children. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The Tennessee Constitution provides the same protection. *Nale v. Robertson*, 871 S.W.2d 674 (Tenn. 1994). This right continues until the parent consents to relinquish it, abandons the child, or forfeits the right by some conduct that substantially harms the child. *O'Daniel v. Messier*, 905 S.W.2d 182 (Tenn. App. 1995). The parent's conduct allowing the state to terminate the parent-child relationship must be established by clear and convincing evidence. *Id.*

This case involves a claim that Ms. Gatlin abandoned Felicia. Under the statutes then in effect, a parent was deemed to have abandoned her child when she wilfully failed to visit or wilfully failed to support or make reasonable payments toward the child's support for four consecutive months immediately preceding the commencement of the action seeking an order of abandonment. See Tenn. Code Ann. § 37-1-102(b)(1)(1994 Supp.). The petition to terminate Ms. Gatlin's parental rights was filed on November 27, 1995.

## II.

The record shows that Ms. Gatlin has a history of drug addiction. In 1993 she placed her four children with other members of her family and lived here and there in a series of temporary arrangements. She testified that she was on drugs and did not want her kids to be around her when she was in that condition.

In 1994, the Juvenile Court of Davidson County, on the petition of Felicia's aunt with whom Felicia had been staying, found her to be dependent and neglected and placed her in her aunt's custody. In March of 1995, Felicia came into contact with the Department of Human Services (DHS) when she ran away from her aunt's home. Ms. Gatlin contacted the juvenile court and DHS but was told that without a job or a place to live, there was nothing that she could do to regain custody of Felicia. She made no other attempts to contact the child; neither did DHS contact her.[1]

After the March 1995 incident, DHS took action to provide temporary shelter for the child and on May 5, 1995 formally took custody. Felicia was placed in a foster home with a woman who requested custody because she learned about Felicia's situation from a friend. In September of 1995 Felicia saw her mother in a housing project where Felicia lived in her foster home. The mother and child visited for a brief time and Ms. Gatlin got the foster mother's telephone number. Ms. Gatlin called her daughter frequently and asked the foster mother if she could visit the child. The foster mother denied Ms. Gatlin the right to visit and referred her to DHS. The foster mother did, however, get the impression that the mother and child loved each other.

---

[1]DHS did make some attempts to contact Ms. Gatlin, but by July of 1995 the Department had decided to seek a termination of her parental rights. We do not express an opinion about whether DHS's efforts satisfied the "diligence" required by the statutes.

Ms. Gatlin spent the month of November in jail on an assault charge brought by her boyfriend. While in jail she attended a drug treatment program, and at the time of the hearing below (February 15, 1996), she had been tested for drugs three times with negative results. She had gotten a job (the day before the hearing) and was seeking a second job.

We think the proof fails to show that Ms. Gatlin wilfully failed to visit or wilfully failed to support Felicia for the four month period prior to November 27, 1995. Admittedly, Ms. Gatlin's conduct since 1993 has been worthy of condemnation. She lived a life dominated by drugs and severely neglected her children. But the law recognizes a difference between neglect and abandonment. Neglect may result in a termination of parental rights, but only when it persists for more than six months after the child is removed from the home and there is little likelihood that the condition can be remedied at an early date. See Tenn. Code Ann. § 37-1-113(g)(3). Whether Ms. Gatlin's parental rights may yet be terminated under this provision remains to be seen.

However, in September of 1995 Ms. Gatlin and Felicia met by chance in the project where Felicia lived. After that chance encounter Ms. Gatlin tried to visit her daughter, but was told that she should proceed through DHS. She testified that she did not contact DHS because she had been told previously that she could not get her daughter back unless she had a home and a job. She did telephone her daughter. During the month of November, Ms. Gatlin was in jail. The proof is not clear and convincing that Ms. Gatlin wilfully failed to visit her daughter.

We think the proof also fails to establish that Ms. Gatlin wilfully failed to support Felicia for that same four month period. Ms. Gatlin testified that she had no money, and there is no proof to the contrary. An inference might be drawn that she had enough resources to live and support her drug habit, but she testified that she was living with someone else. An equally logical inference could be drawn that that

- 4 -

person was providing her support.  In any event, it is understandable that she could not support her child during the month of November while she was in jail.

- 5 -

The judgment of the court below is reversed and the cause is remanded to the Juvenile Court of Davidson County for further proceedings.  Tax the costs on appeal to the State.


_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
SAMUEL L. LEWIS, JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

BARBARA GATLIN,                          )
                                         )
        Petitioner/Appellant,            )
                                         )
VS.                                      )     Appeal No.
                                         )     01-A-01-9607-JV-00311
STATE OF TENNESSEE                       )
DEPARTMENT OF HUMAN                      )
SERVICES,                                )     Davidson Juvenile
                                         )     No. 09-47-86
        Respondent/Appellee.             )
                                         )     Reversed
IN THE MATTER OF:                        )     and
                                         )     Remanded
FELICIA GATLIN,                          )
a child under the age of 18.             )

# J U D G M E N T

        This cause came on to be heard upon the record on appeal from the Juvenile Court of Davidson County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that the judgment of the trial court should be reversed.

        In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the judgment is reversed. The cause is remanded to the Juvenile Court of Davidson County for any further proceedings necessary and for the collection of costs accrued below.

        Costs of this appeal are taxed against the State of Tennessee.

        ENTER _____.


                                    _____
                                    HENRY F. TODD, PRESIDING JUDGE
                                    MIDDLE SECTION


                                    _____
                                    SAMUEL L. LEWIS, JUDGE


                                    _____
                                    BEN H. CANTRELL, JUDGE